UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TIMOTHY M. NASH, | ) | CASE NO. 1:07 CV 3846 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA METROPOLITAN | ) | AND ORDER |
| HOUSING AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 18, 2007, pro se plaintiff Timothy M. Nash filed this action under 42 U.S.C. §1983 against the Cuyahoga Metropolitan Housing Authority ("CMHA") Police Department, CMHA Detective Styles, CMHA Detective Neal, Cuyahoga County Prosecutor William D. Mason, Assistant Cuyahoga County Prosecutor Donna Blough, Cuyahoga County Court of Common Pleas Judge Daniel Gaul, Cuyahoga County Court of Common Pleas Judge Michael P. Donnelly, and Attorney Francis A. Gorcyzca. He filed two Amended Complaints on December 27, 2007. One of the Amended Pleadings [ECF # 5] actually contains three separate Amended Complaints. On January 14, 2008, Mr. Nash filed his fifth Amended Complaint. It is not clear whether Mr. Nash intended for each of these pleadings to supercede the original and subsequent complaints, or whether he intended them as supplemental pleadings. In these various pleadings,

plaintiff alleges he was wrongfully arrested and prosecuted for drug possession. He seeks monetary damages.

## Background

Mr. Nash claims he was prosecuted under false pretenses. He indicates that CMHA Police claimed to have arrested him on December 29, 2006. The reports state that Detectives Styles and Neal were conducting surveillance at a CMHA property when they observed Mr. Nash reach into his pocket and retrieve a plastic baggie. The officers claimed to observe other individuals approach Mr. Nash and engage in "hand to hand transactions." (Compl. Ex. 1.) The detectives stated that they requested that their fellow officers "move in and detain all parties." (Compl. Ex. 1.) The officers then testified that Mr. Nash admitted to them that he had a "crack pipe" in his shirt pocket. The pipe tested positive for cocaine. The officers stated that they arrested Mr. Nash. Mr. Nash denies that he was arrested December 29, 2006. The report also stated that Mr. Harry Dorsey III was Mr. Nash's accomplice. Mr. Nash denies the existence of Mr. Dorsey. Mr. Nash claims that bond was set at $ 10,000. He contends he was not able to post bond and remained in jail.

An indictment was filed against Mr. Nash on March 23, 2007 charging him with drug possession. Attorney Francis A. Gorcyzca was appointed by the court to represent him. The matter was set for trial on July 16, 2007. Mr. Nash contends that on the day of trial, he attempted to convince Judge Donnelly that the case should be dismissed. He claims he told the judge that he was not arrested on December 29, and that Mr. Dorsey was a fabricated person. The parties debated the accuracy of the police report. Mr. Nash alleges that while the court was in recess, the prosecutor agreed to dismiss all charges against him.

Mr. Nash asserts a number of claims based on this statement. He claims his rights

under the Fourth, Fifth, and Fourteenth Amendments were violated. He claims that CMHA police fabricated his arrest and the existence of his co-conspirator. He indicates that the defendants are liable to him for the torts of slander, defamation, falsification, negligence, and false arrest. He contends that his attorney committed legal malpractice. Mr. Nash further indicates that he has filed a similar suit against the defendants in the Cuyahoga County Court of Common Pleas. He attaches copies of several documents filed in that case, which is still pending.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Nash cannot bring claims against the CMHA Police Department. Police Departments are not sui juris and therefore cannot sue or be sued. See Nieves v. City of Cleveland, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); Jones v. Ptl. D. Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987); see also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997).  They are merely sub-units of the municipalities they serve.  Id.  Mr. Nash's claims are therefore asserted against CMHA.

As a rule, local governmental entities may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.  A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999).  The complaint contains no suggestion of a custom or policy of CMHA which may have resulted in the deprivation of a federally protected right of the plaintiff.

Moreover, Judge Michael P. Donnelly and Judge Daniel Gaul are absolutely immune from damages. Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997).  They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.  Barnes, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two limited situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.  Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116.  Stump, 435 U.S. at 356-57.  A

judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.  Mr. Nash contends that the Judge's presided over legal proceedings in which he was a party.  It appears that he is dissatisfied with some of the orders they issued.  It is evident on the face of the complaint that Mr. Nash dealt with these defendants only in their capacity as judges.  Furthermore, the criminal and civil matters over which they were presiding were within the jurisdiction of the Common Pleas Court .  Consequently, Mr. Nash does not have recourse against these judges for damages under 42 U.S.C. §1983.

Prosecutors are also entitled to absolute immunity  from damages for initiating a prosecution and in presenting the state's case.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. Skinner v. Govorchin, No. 05-2458, 2006 WL 2661092, at *6-7, slip op.(6th Cir. Sept. 18, 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages.  Id.  These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.  Imbler, 424 U.S. at 424-25; Skinner, No. 05-2458, 2006 WL 2661092, at *6-7.  Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir.2003).  Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." Id. at 431; Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir.2002).  The immunity also reaches beyond the criminal

process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," Cooper v. Parrish, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit," Al-Bari v. Winn, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).  In this instance, the challenged actions of Cuyahoga County Prosecutors William Mason and Donna Blough were all intimately associated with the judicial phase of Mr. Nash's prosecutions.  The complaint contains no facts which indicate that these defendants participated in any other kind of activity.  Consequently, these defendants are entitled to absolute immunity.

In addition, the Court must abstain from hearing the claims asserted against officers Styles and Neal.  Mr. Nash indicates that he has filed an action in the Cuyahoga County Court of Common Pleas based on this same incident.  He includes copies of pleadings he filed or intended to file.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  See Younger v. Harris, 401 U.S. 37, 44-45 (1971).  When a person is a party in an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988)  If the state litigant files such a case, Younger abstention requires the federal court to defer to the state proceeding.  Id; see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding

6

is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state civil tort matter, which are of paramount state interest. Mr. Nash cannot maintain a second action in federal court.

Finally, Mr. Nash has not set forth a federal claim against his attorney. Although he attempts to assert a claim against Mr. Gorcyzca for providing ineffective assistance of counsel, he cannot bring a claim against this defendant under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). A defense attorney hired by the defendant or appointed by the court for the purpose of providing representation during criminal proceedings is not considered a state actor under 42 U.S.C. § 1983. Washington v. Brewer, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); see Polk County v. Dodson, 454 U.S. 312, 321 (1981). The complaint contains no other allegations against these defendants which could reasonably suggest that they acted "under color of state law."

Mr. Nash's claim for attorney malpractice arises, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. Id. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. Id. Having dismissed

plaintiff's federal law claims, this court declines jurisdiction to hear plaintiff's state law claim.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Date: February 21, 2008      S/John R. Adams
                                                        JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.