# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. NASH | ) | CASE NO.:  1:07CV3846 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CUYAHOGA COUNTY | ) | |
| METROPOLITAN HOUSING | ) | (Resolving Document #10) |
| AUTHORITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter appears before the Court on a motion for relief pursuant to Fed.R. Civ.P. 60(B) filed by Plaintiff Timothy M. Nash. The Court has been advised, having reviewed the motion, pleadings, and applicable law.

Under Rule 60(b), the motion may be granted only for certain specified reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)(quoting Fed.R. Civ.P. 60(B)). Nash has failed to make a showing that he should be relieved from the judgment of this Court for any of the reasons stated under Rule 60(b). The only plausible theory that can be ascertained from

the motion is that Nash is arguing that he should be relieved from judgment "for any other reason justifying relief."

Rule 60(b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff has failed to make allegations that would be considered unusual and extreme circumstances justifying relief.

Nash appears to raise three contentions in his motion. First, Nash alleges that his § 1983 claim should go forward on the basis that a custom or policy of the government entities involved led to the deprivation of his constitutional rights. As this Court properly noted in its order of dismissal, Nash failed to allege any such custom or policy in his complaint. The Court, therefore, did not err when it concluded that Nash had failed to state a claim upon which relief could be granted.

Nash also alleges that *Younger* abstention should not have been applied because his State action has been dismissed. In *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986), the Sixth Circuit held "that the proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed." "Under this rule, if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied." *Federal Express Corp. v. Tennessee Public Service Comm'n*, 925 F.2d 962, 969 (1991). At the time of his filing in this matter, the State action was pending. This Court, therefore, finds that it properly applied *Younger*'s abstention doctrine.

Finally, Nash asserts that his claim against his defense counsel should have been permitted to go forward. Nash alleges that since his counsel was in a conspiracy with the

2

State of Ohio to deprive him of his rights, his attorney was operating under the color of law. Nash's complaint failed to allege any facts which would support such a conspiracy claim. As such, the Court finds no error in its dismissal of the claims against Nash's defense counsel.

**CONCLUSION**

Nash's motion for relief from judgment is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this order could not be taken in good faith.[1]

So ordered.

April 24, 2008            ____/s/ Judge John R. Adams_____
                                                                  JUDGE JOHN R. ADAMS
                                                                    UNITED STATES DISTRICT COURT

---

[1] 28 U.S.C. § 1915 (a)(3) provides as follows: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."